UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

BRUCE MOTTO,

                Plaintiff,

- against -

INCORPORATED VILLAGE OF ROSLYN
and COUNTY OF NASSAU,

                Defendants.

------------------------------------------------------------ X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 27 2016 ★

BROOKLYN OFFICE

**DECISION and ORDER ADOPTING RECOMMENDATION**

14 Civ. 6638 (AMD) (SIL)

**ANN DONNELLY**, District Judge.

Before me is Magistrate Judge Steven Locke's recommendation that this action be dismissed because the plaintiff has failed to comply with orders and repeatedly failed to appear.

The plaintiff filed this lawsuit on November 12, 2014 for damages and declaratory and injunctive relief, alleging violations of the Americans with Disabilities Act and the Rehabilitation Act, in connection with the alleged inaccessibility of parking facilities and sidewalks in Roslyn Village. The complaint was amended on June 30, 2015.

I held a status conference on December 23, 2015.[1] At that hearing, the parties represented that they were nearing resolution of the plaintiff's claims.

The plaintiff's lawyer filed a motion to withdraw on February 17, 2016. (ECF No. 23.) I held a hearing on March 2, 2016 regarding the motion to withdraw. Although the plaintiff was ordered to attend, he failed to do so, and provided no reason for his absence. The plaintiff's

---

[1] This case was assigned to me in November of 2015.

1

counsel withdrew with permission from the Court on March 2, 2016. Thereafter, the plaintiff proceeded *pro se*.

On December 21, 2016, the defendants filed a pre-motion conference letter regarding their anticipated motion for Rule 11 sanctions against the plaintiff, in connection with the plaintiff's alleged factual misstatements made in the amended complaint. (ECF No. 34.) Judge Locke held a hearing regarding the defendants' letter on January 18, 2017, which the plaintiff failed to attend. The plaintiff was warned that "[r]epeated failures to appear may result in a Recommendation to the District Court that this action be dismissed" pursuant to Federal Rules of Civil Procedure 41.[2] (ECF No. 25.) Despite this warning, the plaintiff did not attend the status conference that Judge Locke scheduled for January 30, 2017. He was again warned that his failure to appear may result in a recommendation that this action be dismissed. Finally, on February 6, 2017, the plaintiff failed to appear before Judge Locke for the third time. The plaintiff has not provided any explanation for his repeated absences.

On February 6, 2017, Judge Locke issued a recommendation that this action be dismissed with prejudice for failure to prosecute, pursuant to Rule 41 of the Federal Rules of Civil Procedure. The time to object to the recommendation has passed, and no objections have been filed.

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If there were no objections, the district court need only find that the recommendation was not clearly erroneous. *White v. W. Beef Properties, Inc.*, No. 07-cv-2345-RJD-JMA, 2011 WL 6140512, at *2 (E.D.N.Y. Dec. 9, 2011).

---

[2] The defendants served this order on the plaintiff on January 18, 2017. (ECF No. 37.)

2

Rule 41 permits a court, on its own, to dismiss an action for failure to prosecute. Fed. R. Civ. P. 41(b); *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]") However, dismissal pursuant to Rule 41 is a harsh remedy. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996); *see also Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."). Thus, the Second Circuit has provided that a district court, considering dismissal, should weigh the following factors:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000)

Under the circumstances, all of the above-listed factors favor dismissal of this case with prejudice. The plaintiff, despite multiple orders from the court, has failed to appear for four separate hearings, and has not communicated with the court regarding his absences. Moreover, the plaintiff was twice warned by Magistrate Judge Locke—in his January 18 and January 30, 2017 Orders—that failure to appear would result in a recommendation of dismissal. Nonetheless, the plaintiff did not comply with the judge's orders.

The defendants have suffered prejudice as a result of the plaintiff's conduct—including unnecessary appearances at four conferences in federal court; no sanction less severe than dismissal would avoid future prejudice to the defendants. Further, the plaintiff's repeated failure to appear interferes with the court's "orderly and expeditious disposition of cases." *Thomas v.*

3

*Cty. of Suffolk*, No. 08-cv-400-JFB-WDW, 2010 WL 5452071, at *3 (E.D.N.Y. Dec. 28, 2010). Finally, I have considered whether less drastic sanctions are appropriate, and conclude that they are not, especially in light of the plaintiff's lack of communication with the Court. Thus, dismissal is warranted.

I have considered the full record and the applicable law. I have reviewed the recommendation for clear error; finding none, Judge Locke's recommendation is adopted in its entirety. The complaint is dismissed with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute.

**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
February 27, 2017